NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERICK D. LAWRENCE, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-CV-5316 (DMC) |
| JEFFREY TIERNEY, SCOTT SCOFIELD, JOHN HALUKA, GEORGE SPADORO, EDWARD COSTELLO, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants, Edward Costello, the retired Chief of Police of the City of Edison, George Spadoro, the former Mayor of the City of Edison, Patrolmen Jeffrey Tierney, Scott Scofield, and John Haluka, all Police Officers with the City of Edison Police Department (collectively "Defendants") for summary judgment pursuant to Fed. R. Civ. P. 56(c). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, Defendants' motion for summary judgment is **granted**.

I.  Background[1]

   A.  **Factual Background**

This case arises from allegations that Officers Tierney, Scofield, and Haluka used excessive force during a traffic stop of Plaintiff Derick D. Lawrence ("Plaintiff"), during which they allegedly fractured his left tibia and fibula.

---

[1] The facts set forth in this Opinion are taken from the parties' respective papers.

On May 13, 2005, Patrolman Jeffrey Tierney stopped Plaintiff's vehicle for executing an illegal u-turn. Patrolmen Tierney approached the vehicle and requested that Plaintiff produce his driver's license, insurance card, and vehicle registration. Plaintiff informed Tierney that he did not have his driver's license because he left it at an ATM machine, and that he was trying to get onto the Turnpike. Tierney again asked Plaintiff to produce his insurance and vehicle registration, at which point Plaintiff produced valid documentation. Shortly thereafter, Patrolman Scott Scofield arrived at the scene. Plaintiff was asked to exit his vehicle and remove his hands from his front pocket. Patrolmen Tierney and Scofield allege that Plaintiff removed his hands from his pocket, but immediately placed them back into his pocket. During this time, Patrolman Haluka arrived on the scene.

Plaintiff allegedly ignored the patrolmen's repeated requests to keep his hands in plain sight. As a result, Patrolmen Tierney and Scofield grabbed the Plaintiff's arms in an attempt to pull his hands out of his pocket and a struggle ensued. Plaintiff alleges that the patrolmen dragged him five to ten feet from his car, and that Patrolman Scofield jumped down on his left leg, fracturing his tibia and fibula. Defendants allege that during the struggle Plaintiff resisted arrest, which forced them to restrain him. Defendants further allege that they found drug paraphernalia in Plaintiff's vehicle. Finally, Defendants claim that after Plaintiff was handcuffed, he complained of pain in his left knee. Patrolman Tierney called an ambulance, which transported Plaintiff to Robert Wood Johnson University Hospital. At the hospital, Plaintiff was placed on a stretcher and taken to the emergency room. The patrolmen reported that during this process a ziplock bag marked "heroine addict" fell from Plaintiff's sweatshirt pocket. Patrolman Scofield asked the medical staff to remove Plaintiff's shoes and socks; when the medical staff removed Plaintiff's left sock, three glass viles containing

a "white substance" fell out.

On July 7, 2005, the Middlesex County Grand Jury indicted Plaintiff on nine counts, including possession of crack cocaine, possession of heroine, aggravated assault, resisting arrest, and obstruction of justice. On February 6, 2006, Plaintiff plead guilty to resisting arrest. On August 30, 2007, Plaintiff plead guilty to driving while intoxicated.

### B. Procedural Background

On November 6, 2006, Plaintiff filed a six count Complaint alleging, *inter alia,* that the patrolmen used excessive force during his arrest and caused him to suffer personal injury and emotional distress. On January 8, 2007, the Court granted Plaintiff's request to proceed *in forma pauperis*. Pusuant to a January 25, 2005, Scheduling Order, discovery was to be completed not later than May 25, 2008. On June 17, 2008, Magistrate Judge Falk issued an Order extending discovery for ninety days, through September 4, 2008. The Order specified that "no further extensions" would be granted. On November 7, 2008, this Court denied Defendants' motion to dismiss Plaintiff's Complaint for lack of prosecution.

On February 25, 2009, Defendants filed a motion for summary judgment stating that: (1) Chief Edward Costello was not recklessly or callously indifferent to Plaintiff's plight; (2) Patrolmen Tierney, Scofield, and Haluka are entitled to qualified immunity; and (3) Plaintiff failed to establish a cause of action against George Spadoro. On February 27, 2009, Plaintiff responded to the summary judgment motion, disputing Defendants' qualified immunity argument and reasserting the excessive force claim against the patrolmen.

### II. Standard of Review

Summary judgment is granted only if all probative materials of record, viewed with all

inferences in favor of the non-moving party, demonstrate that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). A court must give the party opposing summary judgment an adequate opportunity to obtain discovery. See Celotex, 477 U.S. at 322. If a party opposing summary judgment believes that he needs additional time for discovery, a court may refuse the application for judgment, order a continuance to permit affidavits to be obtained, depositions to be taken and discovery to be had or may make such other order as is just. Fed. R. Civ. P. 56(f); see also Dowling v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988). The Third Circuit has interpreted Rule 56(f) to require a party seeking further discovery in response to a summary judgment motion to submit an affidavit detailing what specific information is sought, how, if not obtained it would preclude summary judgment, and why it has not previously been obtained. Id. at 139.

### III. Discussion

#### A. Defendants' Motion for Summary Judgment

Plaintiff failed to demonstrate that there is an outstanding question of fact or law because he has not produced any evidence to support a jury verdict in his favor. The Court initially Ordered that discovery be completed no later than May 25, 2008. Judge Falk subsequently extended the deadline to September 4, 2008. Judge Falk's Order specifically stated that no further extensions

would be granted. Since that time, Plaintiff has not submitted any evidence to substantiate his allegations. Moreover, Plaintiff has not substantively apposed this motion and has not filed an affidavit specifying what information he wishes the Court to consider, or how this information, if uncovered, would preclude summary judgment. Plaintiff contends that he has not completed discovery because he is incarcerated. Plaintiff however, was incarcerated on November 9, 2008, more than two months after the deadline for the completion of discovery expired. Thus, the Court finds that Plaintiff had adequate opportunity to complete discovery prior to his incarceration.

The facts of record establish that Plaintiff was lawfully stopped and during this stop he resisted arrest. As a result of Plaintiff's resistance, Defendants had to use force to restrain Plaintiff. After Plaintiff was restrained he was immediately taken to the hospital. The facts of record do not support Plaintiff's claims of excessive force or wrongful conduct on the part of Defendants. Accordingly, Plaintiff's unsupported allegations in memorandum and pleadings are insufficient to repel summary judgment.

### B. Failure to Comply With a Court Order

Fed. R. Civ. P. 37(b)(2)(A)(v) allows a district court to dismiss an action where a party fails to obey an Order to provide or permit discovery. A *pro se* Plaintiff is personally responsible for complying with Orders of the Court. Emerson v. Thiel Coll., 296 F.3d 184, 190-91 (3d Cir. 2002). A *pro se* Plaintiff is also personally responsible for the progress of his case. Briscoe v. Klaus, 538 F.3d 252, *13 (3d Cir. 2008).

Plaintiff has failed to comply with a Court Order to complete discover by September 4, 2008. Given that Plaintiff has failed to comply with an Order to provide discovery and as a result has provided no support for his assertions in his Complaint, dismissal is warranted in this instance.

IV.   **Conclusion**

For the reasons stated, the Court finds that Defendants' motion for summary judgment is **granted**. An appropriate Order accompanies this Opinion.

_/s/ Dennis M. Cavanaugh_
Dennis M. Cavanaugh, U.S.D.J.

Date:   ~~August~~ Sept 8, 2009
Orig.:  Clerk
cc:     All Counsel of Record
        Hon. Mark Falk, U.S.M.J.
        File